**WO**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ARIZONA**

Andrew Moorehead,

Plaintiff,

v.

Ritz-Carlton Hotel Company LLC,

Defendant.

No. CV-26-00210-TUC-SHR

**ORDER**

On April 27, 2026, Plaintiff Andrew Moorehead filed a pro se Complaint alleging discriminatory hiring practices against the Ritz-Carlton Hotel Company, LLC. (Doc. 1.) Plaintiff has also filed an Application to Proceed in Forma Pauperis (IFP). (Doc. 2.) For the following reasons, the Court will grant Plaintiff IFP status and dismiss his Complaint with leave to amend.

## I. IFP APPLICATION

A party who files an action in federal district court must generally pay a filing fee. 28 U.S.C. § 1914(a). Indigent plaintiffs, however, may apply for a fee waiver. 28 U.S.C. § 1915. A court must determine whether the litigant is unable to pay the filing fee before granting leave to proceed IFP. *See* § 1915(a)(1). The Court may grant IFP status if the supporting affidavit shows the party cannot, because of his poverty, pay or give security for fees and "still be able to provide himself and his dependents with the necessities of life." *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948) (internal quotation marks omitted).

Plaintiff has submitted an IFP application under penalty of perjury stating he is financially unable to pay the filing fee. (Doc. 2.) The Court finds Plaintiff's statement of income, assets, and expenses reflects his inability to pay. Therefore, the Court will grant Plaintiff's application for IFP status.

## II. STATUTORY SCREENING

The Court has a statutory obligation to screen a pro se IFP complaint before it may be served. § 1915(e)(2). The Court must dismiss such a complaint or a portion thereof if a plaintiff raises a legally frivolous or malicious claim, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *Id.*; *see also Lopez v. Smith*, 203 F.3d 1122, 1126 n.7 (9th Cir. 2000) (en banc) (noting § 1915(e) "applies to all in forma pauperis complaints," not merely those filed by prisoners). "The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). As the United States Court of Appeals for the Ninth Circuit has instructed, courts must "continue to construe *pro se* filings liberally." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010).

Dismissal for failure to state a claim under Rule 12(b)(6) is appropriate when a complaint lacks a cognizable legal theory or fails to allege facts sufficient to support its theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). A complaint setting forth a cognizable legal theory will survive a motion to dismiss if it contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "Determining whether a complaint states a plausible claim for relief" is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. Factual

allegations in the complaint should be assumed true, and a court should then "determine whether they plausibly give rise to an entitlement to relief." *Id.* Facts should be viewed "in the light most favorable to the non-moving party." *Faulkner v. ADT Sec. Servs., Inc.*, 706 F.3d 1017, 1019 (9th Cir. 2013). This rule does not apply to legal conclusions. *Ashcroft*, 556 U.S. at 678.

Rule 8 of the Federal Rules of Civil Procedure governs whether a complaint sufficiently states a claim upon which relief may be granted and requires every complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief" and "a demand for the relief sought." Fed. R. Civ. P. 8(a)(2), (3). While Rule 8 does not require detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft*, 556 U.S. at 678. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

**III. DISCUSSION**

Plaintiff alleges Defendant interviewed him for a job using the "STAR interview format, without notice that would be the format used," and, as such, he "was not able to request an accommodation to be given the questions beforehand to prepare answers to them." (Doc. 1 at 4.) Further, he alleges, he "was not given a practical skills test, so the entire basis of hiring or refusal to hire seems to be a combination of ability to feign experience, along with behaving in certain ways that are asymptomatic of autistic people." (*Id.*) Plaintiff asserts "hiring based on specific job experience rather [than] simply having developed the skills regardless of if it was paid, is inherently discriminatory against anyone with a dev[e]lopmental disability whatsoever." (*Id.*) Plaintiff asks the Court to require Defendant to "replace all of [its] interview formats with ones that are not discriminatory, as approved by scientific person[n]el[] approved by the School of Psychology at the University of Arizona." (*Id.* at 5.)

Plaintiff filed his Complaint on a form entitled "Complaint for Violation of Civil Rights." (Doc. 1.) This form is intended to be used by individuals filing suit against state

or local officials for violation of their civil rights under 42 U.S.C. § 1983. *See* § 1983 (providing for civil actions against persons acting under the color of law for "the deprivation of any rights . . . secured by the Constitution and [federal laws]"). Plaintiff's Complaint names the Ritz-Carlton Hotel Company—a private entity not subject to liability under § 1983—as the only Defendant. Because Plaintiff's Complaint alleges Defendant engages in inherently discriminatory hiring practices against people with disabilities, the Court will construe this action as having been filed under the Americans with Disabilities Act (ADA), not under § 1983. *See Hebbe*, 627 F.3d at 342.

Under the ADA, employers are prohibited from discriminating against "a qualified individual on the basis of disability in regard to job application procedures" or "hiring . . . of employees." 42 U.S.C. § 12112(a). The ADA requires employers to provide reasonable accommodations for the known physical or mental limitations of an otherwise qualified applicant or employee with a disability unless the requisite accommodation would impose an undue hardship on the employer. § 12112(b)(5)(A). To state a prima facie case of discrimination under the ADA, a plaintiff must demonstrate: 1) he suffers from a disability within the meaning of the ADA; 2) he was otherwise qualified to perform his job or a job he was applying for; and 3) he was not hired for the job or was discharged because of a disability.[1] *See Bates v. United Parcel Serv., Inc.*, 511 F.3d 974, 988 (9th Cir. 2007) (en banc).

Plaintiff fails to properly allege he suffers from a disability within the meaning of the ADA and instead simply states Defendant's hiring practice is discriminatory against "anyone with a developmental disability whatsoever." (Doc. 1 at 4.) Further, Plaintiff includes no allegations he was otherwise qualified to perform the job he was applying

---

[1] It is unclear from Plaintiff's Complaint whether he has exhausted his administrative remedies by filing a charge with the EEOC. *See B.K.B. v. Maui Police Dep't*, 276 F.3d 1091, 1099 (9th Cir. 2002); *see* 42 U.S.C. § 2000e-5(e); *Reynoso v. County of Ventura*, No. 2:19-CV-05687-KES, 2022 WL 2092909, at *5 (C.D. Cal. Mar. 8, 2022) ("[E]xhaustion of administrative remedies is a 'precondition' to bringing a civil action for discrimination, and this means that it is Plaintiff's burden to plead and prove timely exhaustion of administrative remedies."); *Kraus v. Presidio Trust Facilities Div./Residential Mgmt. Branch*, 572 F.3d 1039, 1046 n.7 (9th Cir. 2009) (explaining of exhaustion of administrative remedies "is an affirmative defense, so the defendant bears the burden of pleading and proving it").

for. Finally, Plaintiff fails to allege Defendant did not hire him *because of* any disability. Simply stating a hiring practice is inherently discriminatory is insufficient to allege Defendant did not hire Plaintiff because of a disability. The Court will dismiss Plaintiff's Complaint.

## IV. LEAVE TO AMEND

As the United States Court of Appeals for the Ninth Circuit has instructed, a complaint filed by a pro se litigant "must be held to less stringent standards than formal pleadings drafted by lawyers." *Hebbe*, 627 F.3d at 342. If the Court determines a pleading could be cured by alleging additional facts, a pro se litigant is entitled to an opportunity to amend a complaint before dismissal of the action. *See Lopez*, 203 F.3d at 1127–29.

Because it is not absolutely clear Plaintiff could not cure the Complaint's deficiencies by amendment, the Court will give him the opportunity to do so. *Jackson v. Barnes*, 749 F.3d 755, 767 (9th Cir. 2014); *see also Lopez*, 203 F.3d at 1130 (holding a pro se litigant must be given leave to amend his complaint "if it appears at all possible that the plaintiff can correct the defect" in the complaint (quoting *Balistreri*, 901 F.2d at 701)). The Court will dismiss the Complaint and grant Plaintiff leave to file a first amended complaint within forty-five (45) days from the date of entry of this Order. *See* Fed. R. Civ. P. 15(a)(2) (leave to amend should be "freely" given "when justice so requires").

A first amended complaint supersedes the original complaint. *Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992); *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1546 (9th Cir. 1990). After amendment, the Court will treat the original complaint as nonexistent. *Ferdik*, 963 F.2d at 1262. As such, the first amended complaint must be retyped or rewritten in its entirety and may not incorporate any part of the original complaint by reference. Plaintiff must clearly designate on the face of the document that it is the "First Amended Complaint." The first amended complaint should explain Plaintiff's case in a short and plain manner, with each cause of action

accompanied by facts to satisfy the elements of the claims brought. *See* Fed. R. Civ. P. 8. In the event Plaintiff fails to timely file an amended complaint curing all deficiencies described above, Plaintiff is advised this case may be dismissed pursuant to 28 U.S.C. § 1915(e) or Rule 41(b) of the Federal Rules of Civil Procedure. *See McHenry v. Renne*, 84 F.3d 1172, 1177 (9th Cir. 1996) (affirming dismissal with prejudice of amended complaint that did not comply with Rule 8).

If Plaintiff fails to timely comply with every provision of this Order, the Court may dismiss this action without further notice. *See Ferdik*, 963 F.2d at 1260–61 (stating a district court may dismiss an action for failure to comply with any order of the Court).

## V. CONCLUSION

**IT IS ORDERED** Plaintiff's IFP Application (Doc. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** Plaintiff's Complaint (Doc. 1) is **DISMISSED WITHOUT PREJUDICE** and **WITH LEAVE TO AMEND**.

Dated this 11th day of August, 2026.

Honorable Scott H. Rash
United States District Judge